**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joseph Henry CUSANELLI and Dennis Ray Stanley, Defendants-Appellants.**

**No. 72–1647.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 7, 1972.

Decided Jan. 25, 1973.

Richard W. Ashenbrenner, Miami, Fla., for Dennis Stanley; Fred A. Jones, Jr., Miami, Fla., for Joseph Cusanelli; Law Offices of Fred A. Jones, Jr., Miami, Fla., on brief.

Robert D. Zitko, Asst. U. S. Atty., for plaintiff-appellee; William W. Milligan, U. S. Atty., Columbus, Ohio, on brief.

Before EDWARDS and LIVELY. Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

The only issue of substance presented on this appeal is defendants-appellants' claim that the District Judge erred in failing to grant their motion to suppress evidence on the basis of their claim that customs agents' search and seizure of 1,000 pounds of marijuana at a roadblock near an airport at Chillicothe, Ohio, violated the Fourth Amendment.

The evidence at the suppression hearing indicated that four customs agents saw a twin-engine Beechcraft (Bravo) airplane take off from Grand Bahama Island and followed it to New Smyrna Beach, Florida, where it landed. Thirty minutes later, after refueling, the plane was back in the air and the agents again followed it by plane to Chillicothe, Ohio, where it again landed. After several hours, two camper trucks drove up to the aircraft and a considerable number of large plastic bags were taken from the airplane and loaded into the campers. The defendants were stopped by customs officials at a roadblock outside the airport and arrested. The campers were searched and the 41 bags of marijuana weighing over 1,000 pounds were seized.

There were no customs facilities at the airports at New Smyrna Beach, Florida, or at Chillicothe, Ohio, and the occupants of the plane had, of course, violated the customs law of the United States. 49 U.S.C. §§ 1509, 1474 (1970); 18 U.S.C. § 545 (1970).

The District Judge rejected the government's claim that the search and seizure was a legal "border search," but held it valid because on the facts recited above "the customs agents had probable cause to believe that the two campers contained contraband."

Subsequently appellants were found guilty before a jury of violating 21 U.S. C. § 841(a)(1)(1970) and were sentenced to five years imprisonment.

We affirm the judgments of conviction for the reasons and on the authorities cited by the District Judge in his Memorandum and Order filed April 26, 1972. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).